# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES E. CARTHAGE, JR.

              Plaintiff,

v.

DYLAN RADTKE, MARC CLEMENTS, WILLIAM POLLARD, JIM SCHWOCHERT, and JOHN and JANE DOES,

              Defendants.

Case No. 17-CV-636-JPS

**ORDER**

      Plaintiff, who is incarcerated at Dodge Correctional Institution ("Dodge"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #4). Plaintiff has been assessed and paid an initial partial filing fee of $43.43. 28 U.S.C. § 1915(b)(4).

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-

pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he was arrested and jailed at the Brown County Jail (the "Jail") in February 2013. (Docket #1 at 2). In or around March 2013, Jail guards allegedly provided inadequate treatment for his medical needs, including complaining about the time and expense required to transport Plaintiff to dialysis treatment and ultimately causing Plaintiff to be taken off of a kidney transplant waiting list. *Id.* at 2–3. Their complaints about Plaintiff led to a petition in Brown County Circuit Court to transfer Plaintiff to a state prison, where his care might be more easily provided. *See id.* The officers also made allegedly false accusations that Plaintiff represented an escape risk, which made it difficult for Jail officials to transport him to medical appointments. *Id.*

The court petition was granted and Plaintiff was transferred to Dodge. *Id.* at 3. Plaintiff believes that this was unlawful because he was a

pretrial detainee, not a convicted prisoner. *Id.* He says was held at Dodge until April 22, 2014. *Id.*[1]

Plaintiff alleges that he received further mistreatment while housed at Dodge. *Id.* For instance, he claims he was wrongfully treated as a high security or escape risk, which entailed Plaintiff being excessively shackled and restrained with electrical shock monitors while being transported to medical appointments. *Id.* at 3–5. He also asserts that several guards, named here as John and Jane Does, harassed and ridiculed him. *Id.* Further, Plaintiff alleges that he was subjected to baseless lockdowns and denied access to the law library. *Id.* Additionally, he says that being designated a security risk interfered with his healthcare, since providers were hesitant to come near him, and he was even denied a kidney transplant evaluation appointment. *Id.* at 4. Finally, he suggests in passing that prison guards "gave [him] medication improperly," though he does not say what medication it was, or what was improper about their administration of the medicine. *See id.* at 5.

As for Defendants Dylan Radtke ("Radtke"), Jim Schwochert ("Schwochert"), William Pollard ("Pollard"), and Marc Clements ("Clements"), all identified as current or former wardens or security directors at Dodge, Plaintiff does not allege that any of them engaged in any specific conduct alleged in the complaint. *See id.* at 3. Instead, Plaintiff

---

[1] Confusingly, Plaintiff also alleges that he was incarcerated at Dodge for a period of four years. (Docket #1 at 3). The Court presumes that Plaintiff was not held in a pretrial posture for such a long period. More likely, Plaintiff was eventually convicted and remained incarcerated at Dodge during his term of imprisonment. On the present allegations, however, the Court must assume that Plaintiff was a pretrial detainee and analyze his claims through that lens. If it is true that he was a convicted prisoner for some or all of the relevant period, it could impact the legal standards applicable to his claims, as indicated below.

claims that each had personal knowledge of Plaintiff's ongoing maltreatment and, ostensibly, did not act to correct it. *See id.* at 3, 5.

Plaintiff's allegations are closely related to those he has raised in another action, Case No. 16-CV-326-JPS, also pending before this branch of the Court. In that case, the Court has allowed him to proceed on a claim against the Brown County Jail guards. The Court rejected Plaintiff's attempt to proceed simultaneously on claims arising at Dodge, as they are not sufficiently related to what occurred at the Jail to be heard in the same action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This case represents Plaintiff's effort to raise Dodge-related claims in a separate action.

Plaintiff's allegations largely suffice to cross the low threshold set by screening. His claims all grow from his allegation that he was wrongfully designated as an escape/security risk. First, according to him, this designation was wrongfully and unjustifiably imposed, in violation of his due process rights under the Fourteenth Amendment. Only transgressions upon protected liberty interests can give rise to due process claims. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A liberty interest may arise from the Constitution itself, or it may arise from an interest created by state laws or policies. *Id.*

Normally, inmates have no protectable liberty interest in a particular security classification under the Due Process Clause, and Plaintiff points to no Wisconsin state policy or regulation giving rise to such an interest. *See Kincaid v. Duckworth*, 689 F.2d 702, 704 (7th Cir. 1982); *Miller v. Henman*, 804 F.2d 421, 423 (7th Cir. 1986). Yet Plaintiff's claim may still proceed if the restrictions placed on him imposed an atypical and significant hardship as compared to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 223;

*Sandin v. Conner*, 525 U.S. 472, 484 (1995); *Earl v. Racine County Jail*, 718 F.3d 689, 691 (7th Cir. 2013) (an inmate's liberty interest "is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time"). Moreover, as a pretrial detainee, Plaintiff may not be subjected to punishment, although he would have no claim if his security classification was "reasonably related to a legitimate penological objective." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Holly v. Wollfolk*, 415 F.3d 678, 679–80 (7th Cir. 2005).

Plaintiff's allegations suggest that his escape-risk classification subjected him to years of unnecessary shackling, restraints, and restrictions. In light of the generous standard of review applied at screening, the Court finds that his factual assertions reflect atypical and significant hardships in relation to ordinary prison life. Moreover, Plaintiff alleges that his designation was issued and maintained on the basis of lies by Brown County Jail officials, and it does not appear that Plaintiff was afforded any procedural protections at all prior to or after the imposition of this this designation. Thus, the Court will permit this due process claim to proceed.

Next, Plaintiff asserts that his security designation led him to endure unconstitutional conditions of confinement, in violation of the Fourteenth Amendment, in the form of unnecessary shackling and restraints, verbal abuse by prison guards, and needless strip searches and lockdowns. The Fourteenth Amendment protects pretrial detainees from objectively serious conditions of confinement that rise to the level of punishment. *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005). While Plaintiff's restrictions, if temporary, might not be actionable, here Plaintiff contends that they were imposed throughout his four-year term of imprisonment. Because of this,

the Court is constrained to conclude that Plaintiff has alleged sufficiently serious deprivations. Furthermore, Plaintiff says that Defendants knew of and were deliberately indifferent to the harm occasioned by these deprivations, thereby completing his claim. *Id.* at 478. Of course, as with Plaintiff's due-process claim, the prison's justifications for these restrictions may overcome Plaintiff's constitutional rights, *see id.* at 477, but that cannot be decided at this early stage. The Court will, therefore, allow this claim to proceed.[2]

Third, Plaintiff claims that his security classification interfered with his First Amendment rights because it caused disruption in his access to counsel and the prison law library. For such a claim, Plaintiff must show (1) that prison officials failed "to assist inmates in the preparation and filing of meaningful legal papers by providing [them] with adequate law libraries or adequate assistance from persons trained in the law," *Bounds v. Smith*, 430 U.S. 817, 828 (1977), and (2) that the prison officials' conduct caused some detriment to his pending litigation, *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). The prejudice prong can be satisfied where the prisoner's denial of access to legal materials and counsel was direct and continuous, rather than minor and indirect. *Id.* However, this is a strict standard; a "substantial and continuous" limitation only arises where there exists a "restriction on counsel or legal materials that completely prevents the

---

[2]Although it appears that Plaintiff pleads his claim under the Eighth Amendment, it is the Fourteenth Amendment that protects pretrial detainees from unconstitutional conditions of confinement. *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003). If, as the Court suspects, Plaintiff was a convicted prisoner during some portion of his four-year term of confinement, the Court's analysis would be properly sited in the Eighth Amendment, and Plaintiff would only state a claim if Defendants were deliberately indifferent to a serious deprivation of life's necessities. *See Cunningham v. Eyman*, 17 F. App'x 449, 453–54 (7th Cir. 2001).

prisoner, or a person acting in the prisoner's behalf, from performing preliminary legal research." *Id.* at 269.

Here, based on the contents and cogency of his complaint, it is clear that Plaintiff was afforded sufficient resources to conduct preliminary research into the pleading requirements for his suit. *Id.*; *Brooks v. Buscher*, 62 F.3d 176, 180 (7th Cir. 1995). This means that he must plead that some specific legal efforts suffered identifiable prejudice, which he has not done here. *See Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir. 1995) (actionable prejudice is not merely any delay, but "actual substantial prejudice to specific litigation"). Instead, he offers only generalizations of denial of access to legal materials and aid. As a result, this claim may not proceed.

Finally, Plaintiff asserts that his escape-risk designation and associated stigma led to a deprivation of care for his serious medical needs, in violation of the Fourteenth Amendment, in the form of lack of access to a kidney transplant evaluation and improper dispensing of medication. A deliberate indifference claim requires: (1) an objectively serious medical condition and (2) that the defendants knew of the condition and were deliberately indifferent in treating it. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015).[3] Both requirements are met here, as Plaintiff alleges that Defendants maintained restrictions on him despite knowing that it resulted in a denial of a kidney transplant evaluation and knowing that it interfered with him receiving certain medications. Plaintiff will be permitted to proceed on this claim.

---

[3]Again, Plaintiff's rights as a pretrial detainee are protected by the Fourteenth Amendment, not the Eighth, but to the extent he was also a convicted prisoner for some period of his incarceration, the analysis is functionally identical for Eighth Amendment medical deliberate indifference claims. *Burton*, 805 F.3d at 784; *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013).

In closing, the Court notes that it will permit these claims to proceed against all Defendants at this time because it is unclear from the complaint precisely who was the security director and who was the warden during the period of Plaintiff's incarceration, and it is also unclear which claims implicate the Doe Defendants. Plaintiff will be required to identify the Doe Defendants in discovery.

Further, although the named Defendants, as supervisory prison officials, may not have participated personally in some of the alleged misconduct, this is not fatal to Plaintiff's claims. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Because personal involvement is required, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Nevertheless, liability may attach when a prison official consents to, facilitates, or turns a blind eye toward another's conduct. *Brokaw v. Mercer County*, 235 F.3d 1000, 1012 (7th Cir. 2000); *Gentry*, 65 F.3d at 561. In such cases, the prison official must act "either knowingly or with deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992–93 (7th Cir. 1988). Here, Plaintiff has sufficiently alleged that the named Defendants knew of and disregarded the ongoing deprivations visited upon him throughout his term of imprisonment.

For the reasons stated above, Plaintiff will be permitted to proceed on the following claims against all Defendants: (1) deprivation of due process, in violation of the Fourteenth Amendment; (2) unconstitutional conditions of confinement, in violation of the Fourteenth Amendment; and

(3) deliberate indifference to Plaintiff's serious medical needs, in violation of the Fourteenth Amendment. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #4) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order will be electronically sent to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution,

Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if Plaintiff is no longer incarcerated at any of these institutions, he will be required to submit all correspondence and legal material to:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge