# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHARLES E. CARTHAGE, JR.,<br><br>  Plaintiff,<br><br>v.<br><br>DYLAN RADTKE, MARC CLEMENTS, WILLIAM J. POLLARD, JIM SCHWOCHERT, and JOHN and JANE DOES,<br><br>  Defendants. | Case No. 17-CV-636-JPS<br><br><br><br><br><br>**ORDER** |

Plaintiff, who is incarcerated at Dodge Correctional Institution, filed a *pro se* complaint claiming his civil rights were violated. *See* (Docket #1). On December 4, 2017, the Court denied Plaintiff's motion to compel discovery responses, noting that Plaintiff's requests violated the Court's scheduling order because they were served too late. (Docket #18 at 1–2). The Court also found that Plaintiff failed to provide evidence that he engaged in meet-and-confer efforts prior to seeking Court intervention, which is a violation of the rules of procedure governing discovery. *Id.* at 2.

Plaintiff filed a motion for reconsideration of that decision on December 29, 2017. (Docket #23). Although he cites no authority supporting his motion, Federal Rule of Civil Procedure 60 controls in this instance. That Rule allows the Court to vacate a prior order based on, *inter alia*, a mistake, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60 is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The

Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

Plaintiff makes two arguments in his motion, neither of which has merit. First, he claims that he fulfilled his meet-and-confer obligation simply by serving his discovery requests on Defendants. *Id.* He is incorrect; the rules require that before a party seeks Court intercession into discovery matters, he must discuss with his opponent the objections to the proposed discovery. *See* Fed. R. Civ. P. 37(a)(1); Civ. L. R. 37; *Williams v. Frank*, No. 06C1051, 2007 WL 1217358, at *1 (E.D. Wis. Apr. 19, 2007). Once Defendants informed Plaintiff that they would not respond to his discovery requests, he was duty-bound to reach out to them in an attempt to resolve their concerns. Serving discovery requests cannot logically fulfill one's later obligation to meet and confer over disputes regarding those very requests.

Plaintiff's other argument for reconsideration is that he is in poor health and has limited law library access, making it difficult for him to meet court deadlines. *Id.* He therefore asks for reprieve from the scheduling order for his late-served discovery requests. *Id.* Plaintiff's haphazard collection of medical records attached to the motion does not make a convincing case that he is in fact "incapacitated frequently." *Id.* It only suggests that he sometimes undergoes dialysis treatment. *See* (Docket #23-1). Moreover, even if Plaintiff is sometimes incapacitated by his illnesses, he offers no specific contention that he was incapacitated during the pendency of this case and over a such a lengthy period that he was prevented him from timely serving his discovery requests. The fact that discovery was open for seven months would belie such a contention.

Finally, and perhaps most importantly, Plaintiff's medical condition and law library access were facts known to him before he filed his motion to compel. If he wanted the Court to consider them as reasons to forgive the lateness of his requests, he should have said so at that juncture. Rule 60 does not exist to give losing parties a second bite at the apple, particularly when the evidence they should have presented was within their grasp at the opportune moment. *See Buchanan v. Ill. Dep't of Human Servs.*, 15 F. App'x 366, 369 (7th Cir. 2001); *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 391–92 (1993) ("Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'"). Hence the Rule's reference to "newly discovered" evidence. Fed. R. Civ. P. 60(b)(2). Therefore, the Court will deny Plaintiff's motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration of the Court's December 4, 2017 order (Docket #23) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge