# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHARLES E. CARTHAGE, JR., <br><br>      Plaintiff, <br>v. <br><br>DYLAN RADTKE, MARC CLEMENTS, WILLIAM J. POLLARD, JIM SCHWOCHERT, and JOHN and JANE DOES, <br><br>      Defendants. | Case No. 17-CV-636-JPS <br><br><br><br>**ORDER** |

  Plaintiff Charles E. Carthage, Jr. ("Carthage"), a prisoner proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Defendants, various employees at Dodge Correctional Institution ("Dodge"), alleging that they wrongfully designated him an escape risk. (Docket #9 at 5–6). This designation lead Carthage to suffer increased physical restraints and strip searches, verbal abuse by guards, and severe conduct restrictions. *Id.* at 6–7. The designation also meant that Carthage was passed over for a needed kidney transplant. *Id.* at 8.

  Carthage was allowed to proceed on three claims: (1) deprivation of due process, in violation of the Fourteenth Amendment; (2) unconstitutional conditions of confinement, in violation of the Fourteenth Amendment; and (3) deliberate indifference to his serious medical needs, in violation of the Fourteenth Amendment. *Id.* at 9–10. Defendants filed a motion for summary judgment on December 27, 2017, arguing that Carthage failed to exhaust his administrative remedies before filing this suit. (Docket #19). Carthage filed nothing in response, and the deadline for

doing so has passed. On the state of the record, the Court is obliged to grant Defendants' motion and dismiss this action.

2. **STANDARDS OF REVIEW**

   2.1 **Summary Judgment**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

   2.2 **Exhaustion of Prisoner Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). This includes pretrial detainees. *See Burton v. Ruzicki*, 258 F. App'x 882, 885 (7th Cir. 2007); *Truly v. Sheahan*, 135 F. App'x 869, 871 (7th Cir. 2005).

To exhaust administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Burrell v. Powers*, 431 F.3d

282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Several important policy goals animate the exhaustion requirement, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS governs complaints made in Wisconsin state prisons against correctional officials, whether filed by convicted prisoners or pretrial detainees. *See id.* § DOC 310.03(11) (defining ICRS as "the process by which complaints filed by *inmates* of adult correctional institutions are investigated and resolved") (emphasis added).

There are two steps an inmate must take to exhaust his administrative remedies under the ICRS. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ DOC 310.07(1), 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ DOC 310.08, 310.09(4), 310.11(5). If the complaint is rejected, the inmate may appeal the

rejection to the appropriate reviewing authority. *Id.* § DOC 310.11(6).[1] If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ DOC 310.07(2), 310.11. The reviewing authority may accept or reject the ICE's recommendation. *Id.* § DOC 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within ten days. *Id.* §§ DOC 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ DOC 310.07(7), 310.14.

3. **RELEVANT FACTS**

   3.1 **Carthage's Failure to Dispute the Material Facts**

The relevant facts are undisputed because Carthage did not dispute them. In the Court's scheduling order, entered June 26, 2017, Carthage was warned about the requirements for opposing a motion for summary judgment. (Docket #13 at 3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. Most relevant here is Local Rule 56(b)(2), which obligates the non-movant on summary judgment to file "a concise response to the moving party's statement of facts that must contain a reproduction of each

---

[1] The ICRS defines a "reviewing authority" as "the warden, bureau director, administrator or designee who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(2).

numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon[.]" Civ. L. R. 56(b)(2)(B)(i).

Next, on December 27, 2017, Defendants filed their motion for summary judgment. (Docket #19). In the motion, Defendants also warned Carthage about the requirements for his response as set forth in Federal and Local Rules 56. *Id.* at 1–2. He was provided with additional copies of those Rules along with Defendants' motion. *See id.* at 3–11. In connection with their motion, Defendants filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #21).

In response, Carthage submitted nothing. The only filing he has made since Defendants' motion was filed was to ask for reconsideration of the Court's order denying his motion to compel discovery responses. (Docket #23). The Court denied that motion weeks ago. (Docket #24). Carthage's motion for reconsideration and his underlying motion to compel do not appear to have anything to do with discovery of information pertaining to exhaustion of remedies, so their disposition should have had no effect on Carthage's ability to respond to Defendants' motion. In any event, Carthage never asked for more time to respond to Defendants' motion in light of the need for such discovery. *See* Fed. R. Civ. P. 56(d).

Thus, despite being twice warned of the strictures of summary judgment procedure, Carthage utterly failed to dispute Defendants' proffered facts. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. *See Waldridge v. Am. Hoescht Corp.*, 24 F.3d 918, 922 (7th

Cir. 1994); *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir. 1989) ("A district court need not scour the record to make the case of a party who does nothing."). Thus, the Court will deem Defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

### 3.2 Facts Material to Defendants' Motion

Carthage alleges that he was arrested and jailed at the Brown County Jail (the "Jail") in February 2013. Jail officials complained about catering to Carthage's medical needs, and so Carthage was transferred in March 2013 to Dodge under a Memorandum of Understanding between the Brown County Sheriff and the Wisconsin Department of Corrections. The Memorandum of Understanding regarding Carthage was approved by the Brown County Circuit Court on March 22, 2013. At all times relevant to this case, Carthage was a pretrial detainee being housed at Dodge.

Carthage filed two inmate complaints arguably relevant to this suit while housed at Dodge. In the first, designated DCI-2013-16003, he complained about the conditions of his confinement as a designated escape risk. Specifically, he noted that he had been housed for five months without television, phone calls, or visits, and he requested to be moved to a different housing unit. Carthage believed the conditions to which he was subject at Dodge were inappropriate for a pretrial detainee as opposed to a convicted prisoner.

The ICE reviewed Carthage's complaint, as well as the Brown County Circuit Court order, the Memorandum of Understanding, and several memoranda sent to Carthage from the warden at Dodge, Jim

Schwochert. Based on her investigation, the ICE recommended dismissal of Carthage's complaint, concluding that Carthage's conditions of confinement met the requirements set by Wisconsin regulation. The reviewing authority agreed and dismissed Carthage's complaint. Carthage did not appeal that dismissal to the CCE.

The second complaint, DCI-2013-19236, raised issues regarding Carthage's ability to access the law library due to his need for dialysis treatment. That complaint was dismissed at the institution level after the ICE found that Carthage had been issued passes for the law library fourteen times. The ICE recommended that Carthage continue to submit requests for the library and he would continue to receive passes to attend. The ICE further advised Carthage to state on his library requests when he had dialysis in an attempt to avoid a scheduling conflict. Carthage never appealed the disposition of this complaint to the CCE.

4.  **ANALYSIS**

The undisputed facts demonstrate that Carthage has not exhausted his administrative remedies with respect to his claims in this case. Carthage filed two arguably relevant inmate complaints during his confinement at Dodge, but after receiving adverse decisions on each, he never appealed to the CCE. To exhaust his administrative remedies, Carthage was required to follow the straightforward ICRS procedures to conclusion, including through appeal. *Pozo*, 286 F.3d at 1025 ("Prisoner[s] must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). His failure to do so means that his claims arising from those inmate complaints cannot be heard in this Court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the

merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez*, 182 F.3d at 535; *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (when "the failure to exhaust was the prisoner's fault. . .the case is over").

## 5. CONCLUSION

The undisputed facts reveal that Carthage failed to properly exhaust his administrative remedies with respect to his claims prior to instituting this lawsuit. His claims must, therefore, be dismissed without prejudice.[2]

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #19) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[2]Although it is unlikely that Plaintiff will be able to complete the ICRS process for his claims, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).